UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DOMINICK J. SIANI,

                            Plaintiff,

      -against-

NASSAU COMMUNITY COLLEGE,
MARIA P. CONZATTI,
DONNA M. HAUGEN,
JERRY A. KORNBLUTH,
JOHN DESPAGNA,
JERMAINE WILLIAMS, and
JULIO W. IZQUIERDO,

                         Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND
ORDER**
22-CV-7077 (JMA)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

       This matter is before the Court on referral from the Honorable Joan M. Azrack to oversee and manage discovery. For the reasons set forth herein, the Court denies Plaintiff Dominick Siani's ("Plaintiff" or "Siani") motion for an order precluding Defendant Donna Haugen ("Haugen") from asserting the attorney-client privilege or work product doctrine during her upcoming deposition, denies Siani's motion to re-open the deposition of non-party David Kwee, denies Plaintiff's motion for sanctions, denies Siani's motion for reconsideration and grants without opposition Plaintiff's motion to defer the deposition of Donna Haugen until the Court has ruled on the present motions. Further, the parties shall file a proposed amended scheduling order within seven days of the date of this Memorandum and Order.

## I.    BACKGROUND

The Court presumes the parties' familiarity with the factual background of this case and recites only those facts necessary to adjudicate the instant motions.  Unless otherwise indicated, the facts herein are taken from the Amended Complaint.  By way of Complaint, dated November 21, 2022, DE [1], later modified by the Amended Complaint, dated April 22, 2024, DE [37] ("Am. Compl."), Plaintiff commenced this action alleging:  (i) violations of the equal protection clause of the Fourteenth Amendment of the Constitution, pursuant to 42 U.S.C. § 1983; (ii) retaliation and hostile work environment, pursuant to 42 U.S.C. § 1981; and (iii) retaliation and hostile work environment, pursuant to the New York Human Rights Law, §§ 290-97.

Plaintiff alleges that immediately after assuming his most recent role as an Advisement Administrator, which he held at NCC between September 1, 2019 and August 31, 2023, *see id.*, ¶ 53, he was retaliated against, *see id.*, ¶ 23, for bringing complaints of discrimination against NCC, the details of which are not necessary to decide the instant motions.  *See id.*, ¶¶ 29-48.  His employment in that role resulted from a stipulation of settlement (the "Stipulation") that Siani and NCC entered into in a previous litigation alongside a stipulation of dismissal.  *Id.*, ¶¶ 21, 49-50.  The Stipulation imposed various conditions on his employment, including his work schedule and office location.  *Id.*, ¶¶ 56-57.

According to Siani, Defendant Donna Haugen ("Haugen"), an attorney, was NCC's Assistant to the President and General Counsel at all times relevant to the Amended Complaint, as well as the Officer-in-Charge of NCC between January 29,

2

2022 and May 2, 2022. *Id.*, ¶ 13. Non-party David Kwee ("Kwee") is an attorney with Ingerman Smith, LLP, who prepared the Stipulation, *id.*, ¶ 97, and served as defense counsel in the previous litigation between Siani and NCC. *See* Plaintiff's Memorandum in Support of Plaintiff's Motion ("Pl. Mem."), DE [40-2], at 8. Siani alleges that after the previous litigation was settled, Kwee took on the role of an administrator and liaison between Plaintiff and NCC. Pl. Mem. at 9.

On May 10, 2024, Siani filed his "Motion to Compel Defendants to Not Assert Overbroad Privilege Claims on Discovery Demands" and Motion for Sanctions, ("Plaintiff's Motion" or "Pl. Mot."), DE [40]; *see* Plaintiff's Reply ("Pl. Reply"), DE [40-5]. Plaintiff seeks several forms of relief: (i) an order precluding Haugen from asserting "any privilege claims" about her "decisions and actions"; (ii) an order re-opening the Kwee deposition for four hours and precluding Kwee from asserting privilege claims as to the administration of the Stipulation or "direction he received from Haugen and/or [Alla] Brodsky[1] in addressing employment issues reported to him by Plaintiff"; (iii) sanctions against Defendants "for asserting improper privilege claims during Attorney Kwee's deposition"; (iv) deferral of Defendant Haugen's deposition until after the Court rules on Plaintiff's Motion; (v) sanctions against Defendants for "asserting improper privilege claims during Defendant Haugen's deposition," which has not yet occurred; (vi) an order directing Defendants to produce unredacted versions of the documents that were the subject of this Court's *in camera*

---

[1] The Amended Complaint implies that Brodsky was employed by NCC during the time relevant to this action but does not specify her role. *See* Am. Compl., ¶ 346.

3

review on February 12, 2024; and (vii) any other relief deemed just and proper.  Pl. Mot. at 2; Pl. Mem. at 24-25.

Defendants oppose Plaintiff's Motion, except for Siani's request to defer the deposition of Haugen.  *See* Defs. Opp., DE [40-4].  For the reasons set forth herein, the Court denies Plaintiff's motion for an order precluding Defendant Haugen from asserting the attorney-client privilege or work product doctrine during her upcoming deposition, denies Siani's motion to re-open the Kwee deposition, denies Plaintiff's motion for sanctions, denies Siani's motion for reconsideration, and grants without opposition Plaintiff's motion to defer the Haugen deposition until the Court has ruled on his motions.  Within seven days of the posting of this Memorandum and Order, the parties shall file an updated proposed scheduling order for the Court's consideration.

## II.   LEGAL STANDARDS

### a. Attorney-Client Privilege

"Where, as here, subject matter jurisdiction is based on a federal question, privilege issues are governed by federal common law." *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, 609 F. Supp. 3d 287, 289 (S.D.N.Y. 2022).  "Under federal common law, '[t]he attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice.'" *Universal Standard Inc. v. Target Corp.*, 331 F.R.D. 80, 86 (S.D.N.Y. 2019) (quoting *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011)).  "[T]he mere fact that a document contains some public or nonconfidential information does not necessarily make the document

discoverable." *Dorce v. City of New York*, No. 19-CV-2216, 2024 WL 139546, at *4 (S.D.N.Y. Jan. 12, 2024) (citation omitted).   Where the text of "disputed communications shows that their predominant purpose was to provide human resources and thus business advice, not legal advice," the attorney-client privilege does not protect the document. *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 45 (E.D.N.Y. 2013), *aff'd*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014).

Where an attorney serves a dual role as a legal advisor and a business consultant, a court will analyze the specific communication at issue according to the standards above. *See, e.g., Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 461 (S.D.N.Y. 2019) (upholding a magistrate judge's conclusion that the attorney-client privilege applied to certain documents in which a dual-role attorney communicated legal advice); *TVT Recs. v. Island Def Jam Music Grp.,* 214 F.R.D. 143, 147 (S.D.N.Y. 2003) (analyzing individual documents to determine whether the attorney-client privilege applied where counsel served a dual role).

In addition, "[c]ourts have found waiver of the attorney-client privilege. . . when a client places the attorney-client relationship directly at issue,. . . and when a client asserts reliance on an attorney's advice as an element of a claim or defense . . . .'" *Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 501 (S.D.N.Y. 2019) (quoting *In re Cty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008)).   Nevertheless, "[a] mere indication of a claim or defense certainly is insufficient to place legal advice at issue. . . . [A] party must rely on privileged advice from his counsel to make his claim or defense" for waiver to apply.   *In re Cty. Of Erie*, 546 F.3d at 228.   Relevance of privileged

communications alone does not mandate waiver. *See Richards v. Kallish*, No. 22-CV-9095, 2023 WL 8111831, at *7 (S.D.N.Y. Nov. 22, 2023).

### b. Work Product Doctrine

The federal work-product doctrine protects from disclosure documents prepared "'in anticipation of litigation or for trial by or for another party or its representative' unless 'the party shows that it has substantial need for the materials . . . and cannot, without undue hardship, obtain their substantial equivalent by other means.'" *Pegaso Dev. Inc. v. Moriah Educ. Mgmt. LP*, No. 19-CV-7787, 2022 WL 2668863, at *2 (S.D.N.Y. July 11, 2022) (quoting Fed. R. Civ. P. 26(b)(3)); *see also DeAngels v. Corzine,* No. 11-CV-7866, 2015 WL 585628, at *4 (S.D.N.Y. Feb. 9, 2015) ("The material must (1) be a document or a tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by his representative.").

### c. Sanctions Under Federal Rule of Civil Procedure 11

"[I]t is well within the authority of a magistrate judge to . . . determine that [Rule 11] sanctions are not warranted." *Pegaso*, 2022 WL 1306571, at *2 (citing *Brunig v. Clark*, 560 F.3d 292, 297–98 (5th Cir. 2009)). Pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"), a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service. . . ." Fed. R. Civ. P. 11(c)(2). This safe harbor provision requires that a party intending to move for sanctions serve a copy of the actual motion to be filed, and not merely a letter warning of the party's intent to seek sanctions. *See Star Mark*

*Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) ("An informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21-day safe harbor period."); *see also Castro v. Mitchell*, 727 F. Supp. 2d 302, 307-08 (S.D.N.Y. 2010) ("Courts have held that even a letter detailing the nature of the conduct which purportedly violates Rule 11 and threatening to file a motion for sanctions cannot constitute notice under Rule 11."). It is well-established that "[a]ny motion seeking Rule 11 sanctions that does not comply with [the safe harbor] provisions must be denied." *Intravaia ex rel. Intravaia v. Rocky Point Union Free Sch. Dist.*, No. 12-CV-642, 2014 WL 7338849, at *3 (E.D.N.Y. Dec. 22, 2014); *see Star Mark Mgmt.*, 682 F.3d at 175 (holding that Rule 11's safe harbor provision "is a strict procedural requirement"). Rule 11 also requires that a "motion for sanctions must be made separately from any other motion" or dismissal is warranted. Fed. R. Civ. P. 11(c)(2); *see McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 145 (E.D.N.Y. 2014) .

## III.   DISCUSSION

### a. Plaintiff's Request for an Order Precluding Haugen from Asserting Any Privilege Claims During Her Deposition

Initially, Plaintiff seeks an order precluding Haugen from asserting any privilege claims during her upcoming deposition. Pl. Mem. at 24. As explained above, where a communication was made "for the purpose of obtaining or providing legal advice," the attorney-client privilege attaches. *Universal Standard Inc.*, 331 F.R.D. at 86. The federal work-product doctrine protects from disclosure documents prepared "'in anticipation of litigation or for trial by or for another party or its

representative' unless 'the party shows that it has substantial need for the materials . . . and cannot, without undue hardship, obtain their substantial equivalent by other means.'" *Pegaso Dev. Inc.*, 2022 WL 2668863, at *2. "[T]he work product doctrine does not apply to documents that are prepared in the ordinary course of business or that would have been created in essentially the same form irrespective of the litigation." *Sovereign Cape Cod Invs. LLC v. Eugene A. Bartow Ins. Agency, Inc.*, No. 20-CV-03902, 2022 WL 624553, at *1 (E.D.N.Y. Mar. 3, 2022) (internal citation omitted).

The Court will not issue an order doing away with attorney-client privilege and the work-product doctrine altogether.  To the extent Plaintiff argues that Haugen cannot assert the attorney-client privilege because she serves a dual role as an attorney and as a college administrator, *see* Pl. Mem. at 3, 7, 20-21, his argument is unavailing.  It is not Haugen's dual role that determines whether a communication is privileged, but the context of the communication. *See Barbini*, 331 F.R.D. at 461; *TVT Recs.,* 214 F.R.D. at 147.  Moreover, Siani argues that Haugen has waived the attorney-client privilege because she is a named party and a fact witness, and because she is listed as a witness in support of Defendants' affirmative defenses.  Pl. Mem. at 8, 22.  Plaintiff, however, has not demonstrated that Defendants have waived the attorney-client privilege either by placing "the attorney-client relationship directly at issue" or "assert[ing] reliance on an attorney's advice as an element of a claim or defense." *Parneros*, 332 F.R.D. at 501.  Accordingly, the Court cannot conclude that Defendants have waived the attorney-client privilege.

Similarly, Siani argues that Haugen cannot assert the attorney work-product doctrine because "documents prepared in the ordinary course of business do not generally qualify" for protection under the doctrine, *see* Pl. Mem. at 20, and, according to Plaintiff, he has only sought "relevant facts as to the allegations in the Amended Complaint and documents prepared in the normal course of business at the relevant time." *See id.* at 23.  The Court agrees that "the work product doctrine does not apply to documents that are prepared in the ordinary course of business or that would have been created in essentially the same form irrespective of the litigation." *Sovereign Cape Cod Invs. LLC, Inc.*, 2022 WL 624553, at *1.  Siani, however, does not explain why Haugen cannot assert the work-product doctrine whatsoever during her deposition.  Siani makes no waiver argument as to the attorney work-product doctrine, so the Court does not analyze waiver in that context.  Accordingly, the Court denies this portion of Plaintiff's Motion.

### b. Plaintiff's Request to Re-Open the Kwee Deposition

Next, Siani requests that the Court re-open the Kwee deposition for an additional four hours and preclude Kwee from asserting privilege claims as to the administration of the Stipulation or "direction he received from [Defendant] Haugen and/or [Alla] Brodsky in addressing employment issues reported to him by Plaintiff." Pl. Mem. at 24-25.  Plaintiff argues that during Kwee's deposition, Kwee inappropriately asserted the attorney-client privilege numerous times.  *See id.* at 12-16; Excerpts of Deposition of David Kwee ("Kwee Dep."), Plaintiff's Affidavit ("Pl. Aff."), DE [40-1], at ¶ 10, Ex. 7.

"'A person who has previously been deposed in a matter may be deposed again, but only with leave of the court.'" *Off. Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, No. 12-CV-5475, 2016 WL 1180194, at *3 (E.D.N.Y. Mar. 25, 2016) (citing *Sentry Ins. v. Brand Mgmt. Inc.*, No. 10-CV-347, 2012 WL 3288178, at *8 (E.D.N.Y. Aug. 10, 2012); Fed. R. Civ. P. 30(a)(2)(A)(ii)). "'Leave should be granted to the extent that doing so is consistent with the factors set forth in Rule 26(b)(2), such as 'whether the second deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has had other opportunities to obtain the same information, and whether the burden of a second deposition outweighs its potential benefit.'" *Id.*, (quoting *Sentry Ins.*, 2012 WL 3288178, at *8).

Applying these standards, the Court denies Plaintiff's motion to re-open Kwee's deposition. The Court has reviewed the transcript excerpts that Plaintiff argues demonstrate improper assertions of the attorney-client privilege and concludes that defense counsel's objections were appropriate. *See* Pl. Mem. at 12-16. In one example, Kwee describes his role with respect to the Stipulation and explains that he "assist[ed] in facilitating the provisions of [the Stipulation] in order that they may be carried out and implemented . . . in good faith." Pl. Mem. at 9; *see* Kwee Dep. at 47:15-48:22. In the purported inappropriate assertion of the attorney-client privilege, *see* Pl. Mem. at 16, Plaintiff seeks details of Kwee's communications with his clients at NCC regarding compliance with the settlement agreement. Such communications constitute a request for and/or provision of legal advice and services, and so are not discoverable. *See Allied Irish Banks, P.L.C.*, 252 F.R.D. at 168; *AIU*

10

*Ins. Co. v. TIG Ins. Co.*, No. 07-CV-7052, 2008 WL 4067437, at *15 (S.D.N.Y. Aug. 28, 2008), *modified on reconsideration*, No. 2009 WL 1953039 (S.D.N.Y. July 8, 2009) (holding that the attorney-client privilege attaches to communications seeking and providing legal advice regarding a proposed settlement agreement).

Further, Siani argues that "where only facts are being sought" in a line of questioning in a deposition, the attorney-client privilege cannot be asserted. Pl. Mem. at 12. He is incorrect. Where a communication "was made in order to render legal advice or services to the client," this privilege attaches. *Vector Cap. Corp.*, 2014 WL 171160, at *2. Accordingly, the Court concludes that "the second deposition of [Kwee] would be unnecessarily cumulative" because Siani seeks to re-open the deposition to ask questions again to which defense counsel has appropriately objected during the first deposition. *Haltman*, 2016 WL 1180194, at *3. As a result, the portion of Plaintiff's Motion directed to Kwee is denied.

### c. Plaintiff's Motion for Sanctions

Siani's motion for sanctions is also denied. *See* Pl. Mem. at 25. Initially, under Rule 11, a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service. . . ." Fed. R. Civ. P. 11(c)(2). Nothing in Plaintiff's Memorandum indicates that Siani has complied with this provision of Rule 11. Moreover, Rule 11 does not permit a sanctions motion to be filed within another type of motion. Fed. R. Civ. P. 11(c)(2); *see McLeod*, 995 F. Supp. 2d at 145. Plaintiff's motion for sanctions is contained

within his broader motion to compel and is not filed separately.  *See generally* Pl. Mot.
Accordingly, the Court denies Siani's motion for Rule 11 sanctions, due to procedural
failures.  *See Pegaso*, 2022 WL 1306571, at *2.  Finally, the motion is also denied
because the conduct at issue, namely the invocation of the attorney-client privilege,
is not sanctionable under the circumstances presented.

### d. Plaintiff's Request to Defer the Deposition of Donna Haugen Pending the Court's Ruling on Plaintiff's Motion

Without objection, the Court grants Plaintiff's request to defer the deposition
of Donna Haugen pending the Court's ruling on Plaintiff's Motion.  Pl. Mem. at 25.
Within seven days of the posting of this Memorandum and Order, the parties shall
file an updated proposed scheduling order, including a date for Haugen's deposition,
for the Court's consideration.

### e. Plaintiff's Motion to Compel the Production of Documents and Motion for Reconsideration

Plaintiff last moves to compel production of documents of which the Court has
already conducted an *in camera* review.  Pl. Mem. at 25; *see* Pl. Aff., ¶ 11 and Ex. 8;
*see* Electronic Order dated Feb. 12, 2024.  Per the parties' request, *see* DE [32], the
Court reviewed 109 documents, including those the production of which Siani now
seeks to compel, and ordered that several of these documents be produced in
unredacted form.  *See* Electronic Order dated Feb. 12, 2024.  Because the Court has
already ruled on this request, the Court construes this motion as a motion for
reconsideration.  "[T]he Second Circuit has held that the standard for granting a
motion to reconsider 'is strict, and reconsideration will generally be denied unless the
moving party can point to controlling decisions or data that the court overlooked—

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Coventry Cap. US LLC v. EEA Life Settlements Inc.*, 439 F. Supp. 3d 169, 175 (S.D.N.Y. 2020) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Plaintiff predicates his motion for reconsideration on new information obtained during discovery about Haugen's job responsibilities. *See* Pl. Mem. at 17-18. He argues that Haugen operated in a "dual role" with "authority to act in addressing Plaintiff's concerns as Assistant to the President, and not solely as an attorney advisor," *see id.* at 4, and that "matters brought to her attention while she was Officer-in-Charge of the college" are "fully discoverable." *See id.* at 17-18. As explained above, however, the mere existence of Haugen's dual role does not automatically render all communications to and from Haugen ineligible for the attorney-client privilege. *See Barbini*, 331 F.R.D. at 461; *TVT Recs.,* 214 F.R.D. at 147. Siani has pointed to no "controlling decisions or data that the [C]ourt overlooked" in its previous *in camera* review. *Coventry Cap. US LLC*, 439 F. Supp. 3d at 175. Accordingly, his motion for reconsideration is denied.

## IV.   CONCLUSION

For the reasons set forth herein, the Court denies Plaintiff's motion for an order precluding Defendant Donna Haugen from asserting the attorney-client privilege or work product doctrine during her upcoming deposition, denies Siani's motion to re-open the Kwee deposition, denies Plaintiff's motion for sanctions, denies Siani's motion for reconsideration, and grants without opposition Plaintiff's motion to defer

the Haugen deposition until the Court has ruled on his motions.  Within seven days of the posting of this Memorandum and Order, the parties shall file an updated proposed scheduling order for the Court's consideration, including a date for Haugen's deposition.  Defense counsel shall serve a copy of this Memorandum and Order on *pro se* Plaintiff and file proof of service on the docket.

Dated:  Central Islip, New York
          **June 18, 2024**

                                        /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge