UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DOMINICK J. SIANI,

                      Plaintiff,

         -against-

NASSAU COMMUNITY COLLEGE, MARIA P.
CONZATTI, DONNA M. HAUGEN, JERRY A.
KORNBLUTH, JOHN DESPAGNA, JERMAINE
WILLIAMS, and JULIO W. IZQUIERDO,

                      Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
22-CV-07077 (JMA) (SIL)

**FILED**
**CLERK**

10/1/2024 10:09 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

On June 18, 2024, Magistrate Judge Steven I. Locke issued an Order (the "Discovery Order") that granted in part and denied Plaintiff's motion, (ECF No. 40), for certain discovery relief and sanctions. See Siani v. Nassau Cmty. Coll., No. 22-CV-7077, 2024 WL 3045201, at *5 (E.D.N.Y. June 18, 2024). Presently before the Court are Plaintiffs' objections to the Discovery Order. (ECF No. 47.) For the reasons set forth herein, Plaintiffs' objections are OVERRULED.

### I. BACKGROUND

**A.   Relevant Alleged Facts**

Plaintiff and Defendant Nassau Community College ("NCC") entered a stipulation to settle a prior discrimination lawsuit Plaintiff brought against NCC (the "Stipulation"). (Am. Compl., ECF No. 37 ¶¶ 21, 49-50.) The Stipulation resulted in Plaintiff's employment as an NCC Advisement Administrator, which lasted from September 1, 2019, through August 31, 2023. (Id.) The Stipulation imposed conditions on Plaintiff's employment, including his work schedule and office location. (Id. ¶¶ 56-57.) Once he began that employment, Plaintiff allegedly suffered retaliation for his prior discrimination lawsuit. (See id. ¶¶ 23, 29-48; see also id. ¶¶ 70-469 (detailing fourteen alleged instances of retaliation).)

According to Plaintiff, Defendant Donna Haugen ("Haugen"), an attorney, was NCC's Assistant to the President and General Counsel at all relevant times and was the Officer-in-Charge of NCC from January 2022 until May 2022. (Id. ¶ 13.) Non-party David Kwee ("Kwee") is an attorney who served as NCC's defense counsel in the prior discrimination litigation and drafted the Stipulation. (See id. ¶ 97; Pl.'s Mem. L. Supp. Pl.'s Mot. ("Pl. Mem."), ECF No. 40-2 at 8.) Plaintiff alleges that after the prior litigation settled, Kwee became an administrator and liaison between Plaintiff and NCC. (Pl. Mem., ECF No. 40-2 at 9.)

**B.     Relevant Procedural History**

Plaintiff commenced this action alleging claims under 42 U.S.C. § 1983 for violations of the Equal Protection Clause of the Fourteenth Amendment and claims under 42 U.S.C. § 1981 and the New York Human Rights Law §§ 290-97 for retaliation and hostile work environment. (See generally, Compl., ECF No. 1; Am. Compl., ECF No. 37.)

During discovery, a dispute arose concerning Defendants' assertions of privilege over certain documents. Judge Locke conducted an *in camera* review of 109 documents Defendants withheld or redacted on privilege grounds and determined that approximately twenty-five of those documents are not privileged. (See Feb. 12, 2024, Electr. Order.) Consequently, Judge Locke directed Defendants to produce those documents to Plaintiff. (Id.) The following month, Plaintiff deposed Kwee. (See ECF No. 40-1 at 44-75.)

Plaintiff later filed his "Motion to Compel Defendants to Not Assert Overbroad Privilege Claims on Discovery Demands and for Sanctions." (ECF No. 40.) Plaintiff sought several forms of relief: (1) an order precluding Haugen from asserting "any privilege claims" about her "decisions and actions"; (2) an order reopening Kwee's deposition for four hours and precluding Kwee from asserting privilege claims as to the administration of the Stipulation or "direction he

2

received from Haugen and/or [Alla] Brodsky in addressing employment issues reported to him by Plaintiff"[1]; (3) sanctions against Defendants "for asserting improper privilege claims during Attorney Kwee's deposition"; (4) deferral of Haugen's deposition until after the Court ruled on Plaintiff's motion; (5) sanctions against Defendants for "asserting improper privilege claims during Defendant Haugen's deposition," even though that deposition had not yet occurred; (6) an order directing Defendants to produce the documents that Judge Locke previously reviewed *in camera* and determined were validly withheld or redacted on privilege grounds; and (7) any other just and proper relief. (Pl. Mem., ECF No. 40-2 at 2; Pl.'s Reply Mem. Supp. Pl.'s Mot., ECF No. 40-5 at 24-25.) Defendants opposed the motion. (See ECF No. 40-3.)

Judge Locke then issued the Discovery Order that adjudicated Plaintiff's motion. In doing so, Judge Locke granted the unopposed request to defer Haugen's deposition and denied all other requested relief. See Siani, 2024 WL 3045201, at *5. Plaintiff timely objected to the Discovery Order. (ECF No. 47; see also ECF No. 49 (Defendants' response).)

## II.   LEGAL STANDARDS

### A.   Reviewing Objections to Discovery Orders

"Matters concerning discovery generally are considered 'nondispositive' of the litigation." Arista Recs., LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) (citation omitted); see Sampedro v. Silver Point Capital, L.P., 958 F.3d 140, 142 n.1 (2d Cir. 2020). A district judge must consider timely objections to a magistrate judge's nondispositive order and modify or set aside any part of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Under this standard, "the magistrate judge's findings should not be rejected merely because the court would have

---

[1] The Amended Complaint implies that Alla Brodsky was employed by NCC during the relevant time but does not specify her role. (See Am. Compl., ¶ 346.)

3

decided the matter differently." Grief v. Nassau Cnty., 246 F. Supp. 3d 560, 564 (E.D.N.Y. 2017) (internal quotation marks omitted). Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed." Alexander v. S.C. State Conference of the NAACP, 144 S. Ct. 1221, 1240 (2024) (quoting Cooper v. Harris, 581 U.S. 285, 309 (2017)). Generally, a decision is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." E.g., Galloway v. Cnty. of Nassau, 589 F. Supp. 3d 271, 277 (E.D.N.Y. 2022) (internal quotation marks omitted). In other words, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." Fritz v. LVNV Funding, LLC, 587 F. Supp. 3d 1, 7 (E.D.N.Y. 2022) (quoting Pall Corp. v. Entegris, Inc., 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008)). Additionally, "new arguments and factual assertions cannot properly be raised for the first time in objections to a magistrate's discovery order, and indeed may not be deemed objections at all." TreeHouse Foods, Inc. v. Keurig Green Mt., Inc. (In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.), 336 F.R.D. 400, 403-04 (S.D.N.Y. 2020) (internal quotation marks and brackets omitted). At bottom, the standard of review "is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused her discretion." Galloway, 589 F. Supp. 3d at 277 (quoting Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015)) (brackets omitted).

B.     **Plaintiff's Pro Se Status**

Given his pro se status, the Court construes Plaintiff's submissions liberally and interprets them "to raise the strongest arguments that they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (quoting Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007)). This policy is "driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect

pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." Id. (quoting Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007)). This liberal interpretation of Plaintiff's submissions, however, "does not exempt [Plaintiff] from compliance with relevant rules of procedural and substantive law." E.g., United States v. Starling, 76 F.4th 92, 99 (2d Cir. 2023) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)); see Faretta v. California, 422 U.S. 806, 834 n.46 (1975) (similar).

### III.  DISCUSSION

As set forth herein, Plaintiff's objections to the Discovery Order lack merit.

**A.  Plaintiff's Objections Regarding Haugen**

As a threshold matter, Plaintiff contends that United States v. Mejia, 655 F.3d 126, 131 (2d Cir. 2011) requires de novo review of Plaintiff's objections regarding privilege determinations involving Haugen. (ECF No. 47 at 2.)  Plaintiff's reliance on Mejia is misplaced.  Mejia provides the standard the Second Circuit applies to review "the district court's ruling" concerning privilege. 655 F.3d at 131.  It does not control a district judge's analysis of a magistrate judge's nondispositive order regarding privilege.  As explained above, that review requires the objecting party to satisfy the clear error or contrary to law standard specified in Federal Rule of Civil Procedure ("Rule") 72(a).  Sampedro, 958 F.3d at 142 n.1; Arista Records, 604 F.3d at 117; Anwar v. Fairfield Greenwich Ltd., 982 F. Supp. 2d 260, 265 (S.D.N.Y. 2013); see also Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120-21 (2d Cir. 2022) (holding that Rule 72 governs "the *district court's* review" of a magistrate judge's decision but "does not dictate the standard of review for a court of appeals" when a party objects to a magistrate judge's decision).

1. **Plaintiff's Effort to Limit Haugen's Ability to Assert Privilege Due to her Administrative Role**

Plaintiff insists that the Discovery Order "mischaracterized" the scope of Plaintiff's effort to limit Haugen's ability to assert privilege. (ECF No. 47 at 2.) According to Plaintiff, the Discovery Order described Plaintiff's motion as seeking "'an Order Precluding Haugen from Asserting Any Privilege Claims During Her Deposition'" when instead the motion "only sought to preclude Haugen from asserting privilege claims as to her personal involvement" as an administrator rather than as an attorney "in managing Plaintiff's employment relationship." (Id. (quoting Siani, 2024 WL 3045201, at *3).) Not so. the Discovery Order accurately described Plaintiff's request for relief. Plaintiff sought an order "[p]recluding" Haugen from asserting "any privilege claims regarding the decisions and actions" she took concerning "any of the allegations within the operative Amended Complaint." (Pl. Mem., ECF No. 40-2 at 24 (emphasis added).) Furthermore, the Discovery Order addressed Plaintiff's effort to limit Haugen's ability to assert privilege due to her administrative role. Judge Locke accurately held that "[t]o the extent Plaintiff argues that Haugen cannot assert the attorney-client privilege because she serves a dual role as an attorney and as a college administrator, his argument is unavailing. It is not Haugen's dual role that determines whether a communication is privileged, but the context of the communication." Siani, 2024 WL 3045201, at *3 (citations omitted). The Court thus overrules Plaintiff's objection regarding Haugen's ability to assert privilege.

2. **Plaintiff's Pursuit of an Order Compelling Defendants to Produce Documents Based on Haugen's Administrative Role**

Plaintiff purports to object to the Discovery Order's denial of his request for an order compelling Defendants to produce documents that remain redacted or withheld after Judge Locke reviewed them *in camera*. (ECF No. 47 at 3.) In the Discovery Order, Judge Locke deemed

6

Plaintiff's request a motion for reconsideration of the February 12, 2024, Electronic Order issued after the prior *in camera review*. Siani, 2024 WL 3045201, at *5. Judge Locke then declined to grant reconsideration because Plaintiff's argument—which concerned Haugen's administrative responsibilities—did not provide "controlling decisions or data that the Court overlooked" in the prior *in camera* review. Id. (quoting Coventry Cap. US LLC v. EEA Life Settlements Inc., 439 F. Supp. 3d 169, 175 (S.D.N.Y. 2020)) (brackets omitted). Plaintiff does not object to that approach taken or conclusion reached in the Discovery Order. (See ECF No. 47 at 3.) Instead, Plaintiff contends that the February 12, 2024, Electronic Order is flawed for sustaining "in conclusory fashion" Defendants' privilege assertions for most documents reviewed *in camera*. (Id.) That is no objection to the Discovery Order. It is an objection to the February 12, 2024, Electronic Order—a nondispositive decision served upon Plaintiff over 130 days before Plaintiff's instant filing. (See Aff. Serv., ECF No. 34.) That objection is thus untimely.[2] See Fed. R. Civ. P. 72(a); Curtis v. Greenberg, No. 22-252-CV, 2023 WL 6324324, at *2 (2d Cir. Sept. 29, 2023).

**B.     Plaintiff's Objection Regarding Reopening Kwee's Deposition**

Plaintiff contends that the Discovery Order "clearly err[ed]" in denying Plaintiff's request to reopen Kwee's deposition. (ECF No. 47 at 2-3.) Plaintiff asserts that the Discovery Order does not address Plaintiff's arguments based on transcript excerpts reflecting Kwee's refusal to answer certain questions on privilege grounds. (See id. at 3.) That is incorrect. The Discovery Order (1) cited the arguments Plaintiff now insists were ignored, (2) confirmed Judge Locke "reviewed the transcript excerpts that Plaintiff argues demonstrate improper assertions of the attorney-client privilege," and (3) explained why the information Plaintiff sought was privileged. Siani, 2024 WL

---

[2]     Building on that untimely objection, Plaintiff asks the undersigned to review the documents *in camera*. (See ECF No. 47 at 3.) That request is denied. See Bradshaw v. Welch, No. 21-CV-826, 2024 WL 3495154, at *2 (N.D.N.Y. July 22, 2024) (overruling objection to a magistrate judge's denial of a motion to compel production of documents issued after the magistrate judge reviewed the documents *in camera*).

3045201, at *4. (citations omitted). The Court finds no clear error in the Discovery Order's approach and conclusion regarding Kwee's deposition.

**C.     Plaintiff's Objection Regarding Sanctions**

Plaintiff argues that the Discovery Order erroneously reviewed Plaintiff's request for sanctions under Rule 11 instead of Rule 30(d)(2). (ECF No. 47 at 3.) This objection fails for two reasons. First, Plaintiff did not invoke Rule 30(d)(2) in his motion. (See Pl. Mem., ECF No. 40-2 at 25.) Thus, any reliance on that Rule now "may not be deemed [an] objection[] at all." TreeHouse Foods, Inc., 336 F.R.D. at 404 (internal quotation marks omitted). Second, the Discovery Order concluded that Plaintiff's request for sanctions—regardless of the sanctions authority invoked—was deficient "because the conduct at issue, namely the invocation of the attorney-client privilege, is not sanctionable under the circumstances presented." Siani, 2024 WL 3045201, at *4. Plaintiff does not object to that conclusion. (See ECF No. 47 at 3.) As such, Plaintiff's objection to the Discovery Order's denial of sanctions is deficient.

**D.     Plaintiff's Request for Oral Argument**

Plaintiff requests oral argument on his objections to the Discovery Order. (ECF No. 47 at 3.) The Court retains discretion to hear oral argument. See District Judge Joan M. Azrack's Individual Rule IV.G.3. The record provides the Court with a sufficient basis to adjudicate Plaintiff's objections to the Discovery Order. Accordingly, Plaintiff's oral argument request is DENIED. See, e.g., Friedman v. Self Help Cmty. Servs., No. 11-CV-3210, 2015 WL 1246538, at *7 (E.D.N.Y. Mar. 17, 2015) (rejecting oral argument request and adopting magistrate judge's decision), aff'd, 647 F. App'x 44 (2d Cir. 2016).

## IV. CONCLUSION

Plaintiff has not shown that the Discovery Order was clearly erroneous or contrary to law. Accordingly, Plaintiff's objections to the Discovery Order are OVERRULED.

Defendants shall serve a copy of this Memorandum & Order upon Plaintiff and file proof of service by October 4, 2024.

**SO ORDERED.**

Dated:   October 1, 2024
         Central Islip, New York

                                              /s/ JMA
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE